UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIELO JEAN GIBSON, DESSIE
MITCHESON, IRINA VORONINA, JOHN
COULTER, and MAYSA QUY,

    Plaintiffs,

v.                                      Case No.: 8:16-cv-791-T-36AAS

RESORT AT PARADISE LAKES, LLC d/b/a
PARADISE LAKES RESORT d/b/a
PARADISE LAKES and JERRY L.
BUCHANAN,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiffs' Motion to Strike or In the Alternative for a More Definite Statement Regarding Affirmative Defenses of Defendants (Doc. 37). Defendants oppose the Motion. (Doc. 40). For the reasons stated below, the Motion is **DENIED**.

**I.    Background**

On September 20, 2016, Plaintiffs filed an Amended Complaint alleging Defendants' unauthorized use and theft of Plaintiffs' images and likenesses for the purpose of advertising, solicitation, and promotion of their resort.[1] (Doc. 31). In response, on September 30, 2016, Defendants filed an Amended Answer and Affirmative Defenses. (Doc. 33).

On October 14, 2016, Plaintiff filed the instant Motion requesting that the Court strike the following three affirmative defenses, or in the alternative, for a more definite statement:

*First Affirmative Defense-* The damages sought by Plaintiffs are excessive,

---

[1] Plaintiffs sought, and were granted, leave to amend the Complaint to add a claim for the violation of the Lanham Act, 28 U.S.C. § 1125(a)(1)(A). (Docs. 29, 30).

1

>unreasonable, speculative and not supported by evidence. *See Woods v. Valentino,* 511 F. Supp. 2d 1263 (M.D. Fla. 2007).
>
>*Eighth Affirmative Defense-* There is no causal connection between the subject images and Plaintiffs' claimed damages.
>
>*Tenth Affirmative Defense-* Florida law does not recognize an independent cause of action for False Endorsement, and therefore any cause of action based on this claim is improper.

(Doc. 37). Specifically, Plaintiffs request that the Court strike these three affirmative defenses as not supported by sufficient facts and failing to provide "fair notice" of the defenses asserted and the grounds upon which each defense is based. (*Id.*). Alternatively, Plaintiffs request that the Court require Defendants to provide more definite statements. (*Id.*). On October 28, 2016, Defendants filed a Response in Opposition to Plaintiffs' Motion to Strike, arguing that the defenses at issue are sufficient as a matter of law. (Doc. 40). Accordingly, this matter is ripe for judicial review.

## II.   Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the Court may order "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Fed. R. Civ. P. 12(f). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Harvey v. Home Depot U.S.A., Inc.,* No. 8:05-CV-936-T-24EAJ, 2005 WL 1421170, at *1 (M.D. Fla. June 17, 2005*)* (citing *Scelta v. Delicatessen Support Services, Inc.,* 57 F. Supp. 2d 1327, 1347 (M.D. Fla.1997)).

An affirmative defense will only be stricken ... if the defense is insufficient as a matter of

2

law. *Microsoft Corp.,* 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Harvey,* 8:05-cv-936-T-24EAJ, 2005 WL 1421170, at *1. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Id.* (citing *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla.1995)).

Plaintiffs assert that Affirmative Defense Nos. 1, 8, and 10 should be stricken as not supported by sufficient facts and accordingly failing to provide "fair notice" of the defenses asserted and the grounds upon which each defense is based. (Doc. 37). District courts within the Eleventh Circuit have taken conflicting positions on the issue of how much factual support must be pleaded within affirmative defenses, and the Eleventh Circuit has not yet resolved these conflicting positions. This Court agrees with the courts that do not apply the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. The persuasive reasoning for this position is "based upon the rationale that there is a difference in the language of Rule 8(a)—which deals with the pleading requirements for complaints—and Rule 8(b) and (c), which deal with the pleading requirements for defenses. *Desilva v. SunTrust Bank,* No. 8:15-cv-1045-T-24TGW, 2015 WL 5638073, at *1 (M.D. Fla. Sept. 23, 2015) (quoting *Smith v. Wal-Mart Stores, Inc.,* No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012).

As explained more specifically by one court:

> Although Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim *showing* that the pleader is entitled to relief," Rules 8(b)(1)(A) and 8(c)(1) only require that a party *states* his defenses. The Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a)(2), which requires a "showing" of entitlement to relief, when it established the plausibility requirement

3

> for complaints. Thus, it follows that the plausibility requirement [for complaints] should not apply to affirmative defenses because the language in the rule governing affirmative defenses notably lacks any "showing" requirement. Secondly, requiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints.

*Id.* (emphasis in original); *see also Woodman v. Bravo Brio Restaurant Group, Inc.,* 6:14-cv-2025-Orl-40TBS, 2015 WL 1836941, at * 1 (M.D. Fla. April 21, 2015).

Therefore, the Court declines to strike Affirmative Defense Nos. 1, 8, and 10 as not supported by sufficient facts and accordingly failing to provide "fair notice" of the defenses asserted and the grounds upon which each defense is based. The Court concludes that Affirmative Defenses No. 1 and No. 8 sufficiently provide Plaintiffs with fair notice that Defendants will challenge the claimed damages as "excessive, unreasonable, and speculative" and as lacking a causal connection to the subject images, respectively. (Doc. 33, pp. 27, 29). Affirmative Defense 10 pleads that "Florida law does not recognize an independent cause of action for False Endorsement, and therefore any cause of action based on this claim is improper." (Doc. 33, p. 29) Asserting as an affirmative defense that Plaintiffs cannot state a claim upon which relief can be granted is permitted pursuant to Federal Rule of Civil Procedure 12(h)(2).

For these reasons, and because Plaintiffs are in no way prejudiced by the inclusion of these defenses, the Court denies Plaintiffs' request that these three affirmative defenses be stricken.

### III.     Motion for More Definite Statement

Alternatively, Plaintiffs asks the Court to require that Defendants provide a more definite statement as to the defenses at issue. Rule 12(e), however, provides for filing a motion for more definite statement as to a pleading to which a party may file a responsive pleading. *See* Fed. R. Civ. P. 12(e). Rule 7(a) does not permit a responsive pleading to an answer (and the affirmative

defenses contained therein) absent Court order.  *See* Fed. R. Civ. P. 7(a).  Because the Court has not ordered a responsive pleading to the answer in this case, Plaintiffs may not move for a more definite statement of the three affirmative defenses at issue.

## IV.     Conclusion

According, after due consideration, it is **ORDERED** that**:**

Plaintiffs' Motion to Strike or In the Alternative for a More Definite Statement Regarding Affirmative Defenses of Defendants (Doc. 37) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 5th day of December, 2016.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge