## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CIELO JEAN GIBSON, DESSIE MITCHESON, IRINA VORONINA, JOHN COULTER, and MAYSA QUY,**

    **Plaintiffs,**

v.                                                     Case No.: 8:16-cv-791-T-36AAS

**RESORT AT PARADISE LAKES, LLC d/b/a PARADISE LAKES RESORT d/b/a PARADISE LAKES and JERRY L. BUCHANAN,**

    **Defendants.**

_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Better Responses to Interrogatories and Request for Production of Documents and Defendants' Response in Opposition to Motion to Compel. (Docs. 50, 57).

**I.    BACKGROUND**

Plaintiffs, Cielo Jean Gibson, Dessie Mitcheson, Irina Voronina, John Coulter, and Maysa Quy, (collectively, "Plaintiffs") brought this action against Defendants Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes ("Defendant Paradise Lakes") and Jerry L. Buchanan ("Defendant Buchanan") (collectively, "Defendants") for violations of the Lanham Act, 15 U.S.C. § 1125(a), negligence, fraudulent misrepresentation, unfair competition, unlawful conversion, unjust enrichment, civil theft, violations of Florida's Deceptive and Unfair Trade Practices Act, common law right of publicity and violations of Section 540.08, Florida Statutes. (Doc. 31). Essentially, Plaintiffs allege that Defendants unlawfully used Plaintiffs' images, likeness and

identity in promoting themed parties at Defendants' clothing optional resort (hereinafter, the "subject images"). (*Id.*).

On October 19, 2016, Plaintiffs served its first set of Interrogatories and Requests for Production of Documents on Defendants. On November 21, 2016, Defendants responded to Plaintiffs' discovery requests.[1] (Doc. 50, Exs. A-C). On January 3, 2017, Plaintiffs filed their Motion to Compel Better Responses to Interrogatories and Request for Production of Documents ("Motion to Compel Better Responses"). (Doc. 50). In summary, Plaintiffs contend that Defendants' responses were evasive and incomplete. (*Id.*).

On January 23, 2017, Defendants filed their Response in Opposition to Plaintiffs' Motion to Compel. (Doc. 57). Defendants claim that the discovery requests at issue are neither relevant nor proportional to Plaintiffs' claims and therefore violate Federal Rule of Civil Procedure 26 as that Rule was amended in 2015. (*Id.*). In addition, Defendants agreed to supplement various responses. (*Id.*). Accordingly, this matter is now ripe for judicial review.

## II. ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

---

[1] Defendant Buchanan and Defendant Paradise Lakes provided identical responses to Plaintiffs' discovery requests. (Doc. 50, Exs. A-C). As such, the Court will address Defendants' discovery responses contemporaneously.

>of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Here, Plaintiffs seek to compel better responses to Interrogatory Nos. 2, 3, 4, 9, 14, 15, and 17, as well as Request for Production Nos. 1, 2, 4, 5, 6, 14, 15, 17, 18, 19, 28, 29, and 31. The Court notes that the vast majority of Defendants' objections are deficient pursuant to the December 2015 rule amendments. The Court could have granted the Motion to Compel Better Responses on that basis alone. However, due to the deficiency of some of the discovery requests, the Court has determined that it is more prudent to go through the exercise of addressing each request at issue.

### A.   Discovery requests seeking certain financial discovery. [2]

With respect to discovery requests seeking financial information from Defendants, the following discovery requests and responses are at issue:

**Interrogatory 14:** Describe in detail the revenue generated from the campaigns specified in the Amended Complaint and indicate:

> a)   How much Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes made?
> b)   What the guest check average was for that particular event. For instance, Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes' "Halloween in Paradise: Midnight Costume Parade" and "Toga Party Theme Night" promotion, and list all the documentation you have evidencing the revenue. Include losses or profits, if applicable.

> *Response:*   Objection, overbroad and irrelevant. This interrogatory seeks information that violates the Defendants' privacy and trade secret rights.

**Interrogatory 15:**   List the names, addresses, and phone numbers of all persons with knowledge of the revenue generated by Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes from the campaigns specified in the Plaintiffs' Amended Complaint.

---

[2] For clarity, the Court will address the discovery requests at issue in the categories provided in Defendants' Response in Opposition to Motion to Compel. (Doc. 57).

*Response:*   Objection, overbroad and irrelevant. This interrogatory seeks information that violates the Defendants' privacy and trade secret rights.

**Request for Production 4:** All reports, estimates, statements, invoices, bills, or receipts for earnings or profits related to the usage of Plaintiffs' images as described in Plaintiffs' Amended Complaint.

*Response:*   Objection, vague, overbroad, not limited in scope and/or time and violates the Defendants' privacy to their financial information.

**Request for Production 17:** Any and all documents that refer to, reflect, or evidence total gross profits from the past five (5) years to date of Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes.

*Response:*   Objection, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Request violates Defendants' rights to business and financial privacy.

**Request for Production 18:** Any and all statements for the guest check average for the last five (5) years for Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes.

*Response*:   Objection, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Request violates Defendants' rights to business and financial privacy.

**Request for Production 19:** Any and all documents that refer to, reflect, or evidence the amount of money spent on Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes' website(s), social media accounts, print, advertising, posters, videos, billboards, marquees, newspapers, flyers, or coupons for the last five (5) years.

*Response:*   Objection, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Request violates Defendants' rights to business and financial privacy.

As already stated above, the Court notes that Defendants offered the boilerplate objections of vague, overbroad, irrelevant or not reasonably calculated to lead to the discovery of admissible evidence and often a combination of these boilerplate objections. As made clear by the 2015 amendments to the Federal Rules of Civil Procedure, these boilerplate objections are not proper. *See* Fed. R. Civ. P. 34. Federal Rule of Civil Procedure 34(b)(2)(B) now requires that the

responding party "state with specificity the grounds for objection to the request, including the reasons." Further, in addition to being boilerplate, Defendants' objections that the requested documents are "not reasonably calculated to lead to the discovery of admissible evidence" is a restatement of the former language from Rule 26(b)(1). That language was removed when Rule 26 was amended in 2015. In light of the foregoing, Defendants' boilerplate objections are overruled.

Moreover, and with respect to Defendants' objections based on privacy and trade secret, "[t]o qualify as a trade secret, the information that the [party] seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy." *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001). "If the information in question is generally known or readily accessible to third parties, it cannot qualify for trade secret protection." *Id.* Here, Defendants fail to specify how this information qualifies as a trade secret. Likewise, Defendants have not specified how the information requested violates Defendants' rights to "business and financial privacy."

However, with respect to the guest check averages requested in Interrogatory No. 14(b) and Request for Production No. 18, as well as the marketing budget information requested in Request for Production No. 19, the Court agrees with Defendants' contention that the information requested is not proportionate to the needs of the case. Plaintiffs will obtain financial information in response to Interrogatory No. 14(a) and Requests for Production 4 and 17. Thus, the Court is not convinced that the level of detail required by requesting the guest check average is proportionate to the needs of the case. In addition, Plaintiffs claim entitlement to the marketing budget information and allege it establishes that Defendants "resorted to theft" because they were

5

not able to afford the subject images. (Doc. 50, p. 11). To establish a civil theft, Plaintiffs must prove that Defendants intended to "deprive the other person of a right to the property or a benefit from the property." *See* Fla. Stat. § 812.014. The Court agrees with Defendants' contention that its marketing budgets are not probative of an intent to deprive Plaintiffs of a right to the subject images and, as a result, this request does not further the purpose of resolving the issues in this case sufficient to make this discovery proportional.

Therefore, Defendants' objections are overruled and Plaintiffs' Motion to Compel Better Responses is granted with respect to Interrogatory Nos. 14(a) and 15 as well as Request for Production Nos. 4 and 17. However, Defendants' objection is sustained with respect to Interrogatory No. 14(b) and Request for Production Nos. 18 and 19.

> **B.** **Discovery requests related to past and present employees, performers, and clients.**

With respect to discovery seeking information related to Defendants' employees, performers, and clients, the following discovery requests and responses are at issue:

**Request for Production No. 14**: All documents referring to employees, performers, dancers, independent contractors, and/or adult entertainers of Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes, from 2011 to the present, including their last known address, their dates of employment, if they are no longer employed, and their title.

> *Response:* Objection, vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request potentially seeks the production of employee's private financial information.

**Request for Production No. 15**: All documents that refer to, reflect, or evidence "Full Members" from 2013 to present. Full Members are those individuals that may be entitled to free admission, complimentary drinks, discounts, VIP invitation(s) to special events or any benefits at Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes as referred to at http://www.paradiselakes.com/membership.php. Please provide the following contact information for the Full Members: first name, last name, telephone number, mailing address, and email.

> *Response:* Objection, vague, unduly burdensome. The request violates the business

practice of Defendants and privacy right of its members.

**Request for Production No. 31**: All contracts, assignments, agreements between you, your representatives, agents, attorneys and any person or entity that has performed at Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes from January 2012 through the present date.

*Response:*   Objection, vague, ambiguous, confusing and overbroad as to the term "person or entity that has performed".

Plaintiffs contend they are seeking information related to every client "to conduct surveys for the purposes of establishing their claims." (Doc. 50, p. 10). Similarly, Plaintiffs state they need to contact every performer and employee to determine whether Defendants violated their business practice of requesting consent to use images in advertising materials. (*Id.*). The Court disagrees.

Essentially, these discovery requests seek the name and contact information of every employer, performer, or costumer that ever attended Defendants' business. As an initial matter, customer or member lists can, in situations such as these, be protected. *See, e.g., Vas Aero Services, LLC v. Arroya*, 860 F.Supp. 2d 1349, 1359 (S.D. Fla. 2012); *Marine Turbo Eng'g, Ltd. v. Turbocharger Servs. Worldwide, LLC*, No. 11-60621- CIV, 2011 WL 6754058, at *9 (S.D. Fla. 2011); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn*, 191 F. Supp. 2d 1346, 1351 (M.D. Fla. 2002). In addition, the documents requested are overbroad in that they request information such as dates of birth, social security numbers, and drivers' license numbers. Therefore, the Court concludes that the requested documents are entitled to protection here.[3]

Moreover, Plaintiffs request "all contracts, assignments, agreements between you, your

---

[3] Notably, the subject images appear to have been disclosed on a social media website, not via an email distribution or paper mailing list. The "followers" of these social media cites would likely be accessible from the social media page itself; rather than a list generated by Defendants.

representatives, agents, attorneys and any person or entity that has performed at Resort at Paradise Lakes…" The Court agrees with Defendants' contention that there is no legitimate basis for this request as events at issue in this case bear no relation to Defendants' contracts with any performers at the resort. Therefore, the Court concludes that this information is neither relevant to Plaintiffs' claim nor proportionate to the needs of the case.

Accordingly, Defendants' objections are sustained and Plaintiffs' Motion to Compel Better Responses is denied with respect to Request for Production Nos. 14, 15, and 31.

   **C.**    **Discovery requests relating to the use of the subject images.**

With respect to discovery seeking information related to Defendants' use of the subject images, the following discovery requests and responses are at issue:

**Interrogatory No. 2:** With regard to each of the images attached as Exhibits to the Amended Complaint, state the following information:

  a)   Whether the image was published by you;
  b)   Who created the image;
  c)   Whether there was an agreement or contract for the creation of the image;
  d)   If there was an agreement or contract for the creation of the image, who was it with and what were the terms;
  e)   Whether there was an agreement or contract for the publication of the image; and
  f)   If there was an agreement or contract for the publication of the image, who was it with and what were the terms.

  *Response:*   Objection, vague and overbroad. Without waiving the foregoing objection, it is unknown to Defendant who created the images. It is believed they obtained these photographs from CDs provided by or on behalf of DreamGirls International for promotional purposes.

**Interrogatory No. 9**: State and describe your understanding of your rights to publish the images attached as Exhibits to Plaintiffs' Amended Complaint at the time of publication. For each response, please describe the source of information for your belief.

  *Response:*   Objection, overbroad and irrelevant. This interrogatory seeks information that violates the Defendants' privacy and trade secret.

**Request for Production No. 1**: All documents that refer to, reflect, or evidence any and all communications between you, or anyone acting on your behalf, and any other person related to the creation, distribution, or payment for the images attached as Exhibits to Plaintiffs' Amended Complaint.

*Response:*   Objection, vague, overbroad, not limit in scope and/or time, and ambiguous.

**Request for Production No. 2**: All documents that refer to, reflect, or evidence any and all written agreements between you, your representatives, agents, or anyone acting on your behalf, and any other person related to the creation, distribution, or payment for the images attached as Exhibits to Plaintiffs' Amended Complaint.

*Response:* Objection, vague, ambiguous, overbroad and not limited in scope and/or time.

With respect to Interrogatory No. 2, Defendants agree to supplement their response to reflect their belief that the subject images were obtained from a promotional CD provided to it by DreamGirls. (Doc. 57, p. 7). In addition, Defendants agree to supplement their responses to reflect that, to the best of their knowledge, no communications exist between Defendants and any third party regarding the distribution or payment for the images. (*Id.* at pp. 7-8). Those concessions, however, seem only to resolve dispute as to the subsections (b) through (d) of Interrogatory No. 2.

With respect to the remaining requests, *i.e.* Interrogatory No. 2(a), (e)-(f) and No. 9, and Request for Production Nos. 1 and 2, Defendants simply offered the boilerplate objections of vague, overbroad, ambiguous, and/or irrelevant. Again, this is insufficient. In Defendants' response to Plaintiffs' Motion to Compel Better Responses, Defendants elaborate that they have previously responded to these discovery requests through other avenues, such as in their responses to Plaintiffs' Request for Admissions. (*Id.* at p. 8). However, any parallel discovery responses do not excuse Defendants from providing responses in compliance with the Federal Rules here.

Therefore, Defendants' objections are overruled and they are directed to supplement their responses to Interrogatory Nos. 2 and 9, and Request for Production Nos. 1, and 2.

### D. Discovery requests that Defendants have agreed to supplement.

Defendants have agreed to supplement their responses to the following requests:

**Interrogatory No. 3**: State the date that each of the images attached as Exhibits to Plaintiffs' Amended Complaint was first published by you or your agent. This includes but is not limited to: website(s), social media accounts, print, advertising, posters, videos, billboards, marquees, newspapers, flyers, coupons, or any digital format owned or operated by you, or anyone acting on your behalf.

**Interrogatory No. 4**: State if Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes has ever been a party, either plaintiff or defendant, in a similar lawsuit other than the present matter, and if so, state whether Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes was the plaintiff or the defendant and the date and court in which suit was filed.

**Request for Production No. 5**: Any and all documents bearing any Plaintiffs' image.

**Request for Production No. 6**: Any and all documents, videos, and or diagrams that refer to, reflect, or evidence any photographic images of Plaintiffs.

**Request for Production 28**: Any and all documents between you and any third party relating to the creation, management, and/or maintenance of all of your social media accounts for the last four (4) years.

**Request for Production 29**: Any and all documents between you and any third party relating to the creation, management, and/or maintenance of your websites for the last four (4) years.

With respect to Interrogatory No. 3 and Request for Production Nos. 5 and 6, Defendants assert that, "to the best of Defendants' knowledge, the exhibits attached to the Complaint are the only print images incorporating Plaintiffs' photographs" and they are not aware of any prior publication dates other than the dates noted as the social media "post date" documented in the subject images. (Doc 57, p. 9). Moreover, Defendants are not aware of any other photographs of Plaintiffs in their possession other than images contained on a DreamGirls CD that was previously provided to Plaintiffs. (*Id.*). Defendants agree to supplement their responses to indicate such. (*Id.*).

Defendants further assert that "there are no documents responsive to Requests for Production 28 and 29" and they are unaware of any similar lawsuits against them (in response to Interrogatory No. 4). (Doc. 57, pp. 9-11). Again, Defendants shall supplement their responses to include this information.

Therefore, Defendants are directed to supplement their discovery responses to Plaintiffs' Interrogatory Nos. 3 and 4, and Plaintiffs' Request for Production Nos. 5, 6, 28, and 29.

### III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Plaintiffs' Motion to Compel Better Responses to Interrogatories and Request for Production of Documents (Doc. 50) is **GRANTED in part and DENIED in part** as provided in the body of this Order.[4]

**DONE AND ORDERED** in Tampa, Florida on this 24th day of February, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[4] Neither party has requested, nor would the Court entertain, an award of attorneys' fees and costs incurred in relation to the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(C).