# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CIELO JEAN GIBSON, DESSIE MITCHESON, IRINA VORONINA, JOHN COULTER, and MAYSA QUY,**

    Plaintiffs,

v.                                             Case No.: 8:16-cv-791-T-36AAS

**RESORT AT PARADISE LAKES, LLC d/b/a PARADISE LAKES RESORT d/b/a PARADISE LAKES and JERRY L. BUCHANAN,**

    Defendants.

_____/

## ORDER

This matter comes before the Court on Defendants' Motion to Quash Untimely Notice of Taking Deposition of Dreamgirl Int'l ("Motion to Quash") (Doc. 69) and Plaintiffs' Opposition to Defendants' Motion to Quash (Doc. 73).

On February 20, 2017, Defendants, Resort at Paradise Lakes, LLC and Jerry Buchanan moved to quash Plaintiffs, Cielo Jean Gibson, Dessie Mitcheson, Irina Voronina, John Coulter, and Maya Quy's Subpoena to Testify at a Deposition in a Civil Action for the deposition of the Corporate Representative of Dreamgirl International (hereinafter, the "Subpoena") pursuant to Federal Rule of Civil Procedure 45.  (Doc. 69-C).  On February 24, 2017, Plaintiffs filed their Opposition to Defendants' Motion to Quash.  (Doc. 73).

Rule 45(d)(3) provides that "[o]n timely motion, *the court for the district where compliance is required* must quash or modify a subpoena that: ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3) (emphasis added).  Here, the district court where compliance is required is in Los

Angeles, California. (Doc. 69-C). Because the Middle District of Florida is not the district where compliance is required, the Motion to Quash is improperly filed in this Court. *See* Fed. R. Civ. P. 45(d)(3); *Starr Indem. & Liab. Co. v. CSX Transportation, Inc.*, No. 3:14-CV-1455-J-39JBT, 2015 WL 12862918, at *1 (M.D. Fla. Sept. 29, 2015).

Additionally, "[a] motion to quash or modify a subpoena *duces tecum* may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Bender v. Tropic Star Seafood, Inc.*, No. 4:07CV438-SPM/WCS, 2008 WL 2824450, at *2 (N.D. Fla. July 21, 2008) (quoting *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)); *see also Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga. 2001) (collecting cases) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'"). Here, Defendants have not alleged a personal right or privilege with respect to the subject matter in the Subpoena. Thus, Defendants do not have standing to challenge the Subpoena under Federal Rule of Civil Procedure 45.

### III.  CONCLUSION

Accordingly, after due consideration, it is **ORDERED** that Defendants' Motion to Quash Untimely Notice of Taking Deposition of Dreamgirl Int'l (Doc. 69) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 27th day of February, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge