UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIELO JEAN GIBSON, DESSIE
MITCHESON, IRINA VORONINA, JOHN
COULTER, and MAYSA QUY,

    Plaintiffs,

v.                                      Case No.: 8:16-cv-791-T-36AAS

RESORT AT PARADISE LAKES, LLC d/b/a
PARADISE LAKES RESORT d/b/a
PARADISE LAKES and JERRY L.
BUCHANAN,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Establish a Reasonable Hourly Fee for Plaintiffs' Expert, Martin Buncher of Intercontinental Marketing Investigations Inc., Pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i) (Doc. 86), and Plaintiffs' response thereto (Doc. 98).

Plaintiffs have disclosed Martin Buncher of Intercontinental Marketing Investigations, Inc., as an expert in this matter. (Doc. 86, Ex. A).[1] In Mr. Buncher's invoice, he requests a fee for testimony of $1,000.00 per hour with a four-hour minimum. (Doc. 86, Ex. C). Defendants argue that this fee is excessive and request that the Court assign a more appropriate fee. (Doc. 86)

The Federal Rules of Civil Procedure state that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A).

---

[1] The Court notes that Mr. Buncher is the subject of Defendants' Motion to Strike, which Defendants filed on April 18, 2017 (Doc 98), and to which a response is not yet due or filed.

1

Pursuant to Rule 26(b)(4)(E), "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery[.]" Fed. R. Civ. P. 26(b)(4)(E)(i). In determining the reasonableness of a fee, the follow factors are typically considered:

     (1) the witness's area of expertise;

     (2) the education and training that is required to provide the expert insight sought;

     (3) the prevailing rates for other comparably respected available experts;

     (4) the nature, quality and complexity of the discovery sought;

     (5) the cost of living in the particular geographic area;[2]

     (6) the fee being charged by the expert to the retaining party;

     (7) the fee traditionally charged by the expert on related matters; and

     (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests.

*Tomlinson v. Landers*, No. 3:07-CV-1180-J-TEM, 2009 WL 2499006, at *2 (M.D. Fla. Aug. 14, 2009) (citing *Coleman v. Dydula*, 190 F.R.D. 320, 324 (W.D.N.Y. 1999)).

While the undersigned agrees, based on the information provided, that $1,000.00 per hour for Mr. Buncher's testimony is excessive, the parties have not provided enough information for the Court to adequately establish a reasonable hourly fee with respect to the above-listed factors. Further, the Court is confident that the parties can resolve this issue without the need for judicial involvement.

---

[2] The Court notes that the relevant geographic area is Tampa, Florida and not California.

According, after due consideration, it is **ORDERED:**

Defendant's Motion to Establish a Reasonable Hourly Fee for Plaintiffs' Expert, Martin Buncher of Intercontinental Marketing Investigations Inc., Pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i) (Doc. 86) is **DENIED** as provided herein.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of April, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge