UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CIELO JEAN GIBSON, DESSIE MITCHESON, IRINA VORONINA, JOHN COULTER and MAYSA QUY,**

    **Plaintiffs,**

v.  Case No.: 8:16-cv-791-T-36AAS

**RESORT AT PARADISE LAKES, LLC d/b/a PARADISE LAKES RESORT d/b/a PARADISE LAKES and JERRY BUCHANAN,**

    **Defendants.**
_____/

## ORDER

Before the Court is Plaintiffs' Motion for Relief from Order Pursuant to FRCP 60(b)(6) and Request for Oral Argument (Doc. 110), and Defendants' response thereto (Doc. 115).

### I. BACKGROUND

Plaintiffs, Cielo Jean Gibson, Dessie Mitcheson, Irina Voronina, John Coulter, and Maysa Quy, (collectively, "Plaintiffs") brought this action against Defendants Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes and Jerry L. Buchanan (collectively, "Defendants") for violations of the Lanham Act, 15 U.S.C. § 1125(a), negligence, fraudulent misrepresentation, unfair competition, unlawful conversion, unjust enrichment, civil theft, violations of Florida's Deceptive and Unfair Trade Practices Act, common law right of publicity and violations of Section 540.08, Florida Statutes. (Doc. 31). Essentially, Plaintiffs allege that Defendants unlawfully used Plaintiffs' images, likeness and identity in promoting themed parties at Defendants' clothing optional resort (the "subject images"). (*Id.*).

On October 19, 2016, Plaintiffs propounded Interrogatories and Requests for Production

of Documents on Defendants, and Defendants responded. On January 3, 2017, Plaintiffs filed a Motion to Compel Better Responses to Interrogatories and Request for Production of Documents (Doc. 50). The Court entered an Order on February 24, 2017, granting in part and denying in part Plaintiffs' Motion to Compel Better Responses. (Doc. 74). Specifically, and at issue here, the Court denied Plaintiff's Motion to Compel Better Responses to Request for Production No. 15, which sought the names and contact information of Defendants' members ("member lists").[1] (Doc. 74). The undersigned concluded that Plaintiffs' Request for Production No. 15 sought protected documents, was overbroad, was irrelevant to Plaintiffs' claim and was not proportionate to the needs of the case. (Doc. 74).

Plaintiffs now seek relief from the February 24, 2017 Order denying their request for production of Defendants' member lists. (Doc. 110). Defendants filed a response in opposition to Plaintiff's Motion. (Doc. 115). Accordingly, this matter is ripe for judicial review.

**II.    ANALYSIS**

**A.    Motion for Reconsideration of February 24, 2017 Order (Doc. 74)**

Plaintiffs seek relief pursuant to Rule 60(b), Fed. R. Civ. P., which permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on several stated grounds. An order granting in part and denying in part a motion to compel is not a final

---

[1] Request for Production No. 15, requests the following documents:

All documents that refer to, reflect, or evidence "Full Members" from 2013 to present. Full Members are those individuals that may be entitled to free admission, complimentary drinks, discounts, VIP invitation(s) to special events or any benefits at Resort at Paradise Lakes, LLC d/b/a Paradise Lakes Resort d/b/a Paradise Lakes as referred to at http://www.paradiselakes.com/membership.php. Please provide the following contact information for the Full Members: first name, last name, telephone number, mailing address, and email.

order. Because such an order is not a final order, Rule 60 is not the proper vehicle by which Plaintiffs may seek relief. *See Steel Works Rebar Fabricators, LLC v. Alterra America Ins. Co.*, No. 11-24032-CIV, 2012 WL 1414142, at *1 (S.D. Fla. Apr. 20, 2012) ("Relief pursuant to Rule 60(b), however, is only available in regard to final judgments or orders."). The February 24, 2017 Order was not a final order, therefore, the Court will proceed with analysis pursuant to Rule 54(b), Fed. R. Civ. P.

Only limited circumstances prompt reconsideration of a court order. These include (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *Branch Banking & Trust Co. v. Shirley Inv. Properties*, LLC, No. 8:13-CV-528-T-23MAP, 2014 WL 12623802, at *1 (M.D. Fla. Jan. 16, 2014) (citation omitted). Reconsideration is not appropriate when the proponent merely reargues matters already addressed. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Here, Plaintiffs do not advance the argument that there has been an intervening change of controlling law or that there is new evidence available. Thus, the undersigned will consider whether the Court must correct clear error or manifest injustice. In the February 24, 2017 Order,[2] the Court noted that "customer or member lists can, in situations such as these, be protected." (Doc. 74, p. 7); *see e.g. Vas Aero Services, LLC v. Arroya*, 860 F.Supp. 2d 1349, 1359 (S.D. Fla. 2012); *Marine Turbo Eng'g, Ltd. v. Turbocharger Servs. Worldwide, LLC*, No. 11-60621-CIV, 2011 WL 6754058, at *9 (S.D. Fla. 2011); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn*,

---

[2] Plaintiffs' Motion was filed 76 days after the Court entered its February 24, 2017 Order, as well as 27 days after the discovery deadline passed. Therefore, Plaintiffs' Motion is untimely. *See AccrWendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) (failure to comply with filing deadline renders motion untimely and compels denial of motion). Nevertheless, the Court will decide the motion on the merits rather than simply deny it as untimely.

191 F. Supp. 2d 1346, 1351 (M.D. Fla. 2002). Plaintiffs unpersuasively attempt to distinguish Defendants' member lists from the protected member lists at issue in the listed cases. In each of the decisions listed, the court extended protection for member lists, just as the Court appropriately did here.

In addition, the member lists sought would not necessarily identify the individuals Plaintiffs claim they seek to identify. In fact, according to Defendants, the members must opt-in to receive advertising. Thus, the undersigned need not correct clear error or manifest injustice in denying Plaintiffs' request to compel production of Defendants' member lists.

### B. Request for Oral Argument

As these issues have been the subject of numerous memoranda, the undersigned finds it unnecessary to conduct a hearing on Plaintiffs' Motion.

## III. CONLUSION

Accordingly and upon consideration, it is **ORDERED** that Plaintiffs' Motion for Relief from Order Pursuant to FRCP 60(b)(6) and Request for Oral Argument (Doc. 110) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 9th day of June, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge