UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIELO JEAN GIBSON, DESSIE
MITCHESON, IRINA VORONINA, JOHN
COULTER and MAYSA QUY,

    Plaintiffs,

v.                                                      Case No: 8:16-cv-791-T-36AAS

RESORT AT PARADISE LAKES, LLC
and JERRY L. BUCHANAN,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon Defendants' Motion to Dismiss the First Amended Complaint (Doc. 34), and Plaintiffs' response in opposition thereto (Doc. 36). Defendants move to dismiss the First Amended Complaint because Plaintiffs: (1) failed to show that Defendant Jerry Buchanan personally participate in the alleged tortious conduct; (2) failed to allege that they were consumers, lack standing, and improperly sought special and consequential damages in Count IV (Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")); (3) failed to allege that they had standing in Count IX (Fraudulent Misrepresentation); (4) failed to state a claim in Counts X (Negligence) and XI (Respondeat Superior); and (5) improperly sought a claim for false endorsement in Count XII (Lanham Act-False Endorsement). Defendants also seek dismissal of Counts II (Fla. Stat. 540.08-Unauthorized Publication of Name of Likeness), VII (Unlawful Conversion), VIII (Unfair Competition) and X (Negligence) for failure to allege sufficient specific facts to demonstrate entitlement to punitive damages. The Court, having considered the motion, response thereto, and the First Amended Complaint, and being fully advised in the premises, will deny-in-part and grant-in-part Defendants' motion.

I.  **STATEMENT OF FACTS**[1]

This action[2] arises from Defendants' alleged unauthorized use and theft of Plaintiffs' images and likenesses for the purpose of advertising and promoting their business. As alleged in the First Amended Complaint, each Plaintiff is a professional model who earns a living by promoting his/her image and likeness to select clients, commercial brands, media and entertainment outlets, as well as relying on his/her reputation and own brand for modeling, acting, hosting, and other opportunities. Doc. 31 at ¶ 31. Each Plaintiff's career in modeling, acting, and/or private enterprise has value stemming from the goodwill and reputation that each of them have built, all of which is critical to establishing a brand, being selected for jobs and maximizing earnings. *Id*. at ¶ 32. At no time did Plaintiffs give Defendants permission to use their images for any marketing and promotional materials, or to advertise, promote and market Defendants' own business interests on social media accounts owned, operated, hosted, or controlled by Defendants. *Id*. at ¶¶ 1, 4-5. Further, at no time did Defendants contact Plaintiffs, either directly or indirectly, to request permission to use Plaintiffs' images. *Id.* at ¶¶ 3-4. Plaintiffs have never had any relation or contract with Defendants or Defendants' employees or representatives. *Id*. at ¶¶ 7, 45-48 (Gibson); 56-59 (Mitcheson); 69-72 (Voronina); 81-84 (Coulter); 92-95 (Quy).

Plaintiffs' images were removed from their original photographs and placed on Defendants' flyers and promotional materials wrongfully implying that Plaintiffs were employees, entertainers, contractors, and/or nudists. *Id.* at ¶¶ 43 (Gibson); 54 (Mitcheson); 65 (Voronina); 79

---

[1]The following statement of facts is derived from the First Amended Complaint (Doc. 31), the allegations of which the Court must accept as true in ruling on the instant Motion. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

[2]The First Amended Complaint spans 190 pages (including exhibits) and alleges the same counts throughout for all five Plaintiffs. *See* Doc. 31 at ¶¶ 1, 7, 40, (Gibson ¶¶ 43-51, 105-246); (Mitcheson ¶¶ 52-62, 247-388); (Voronina ¶¶ 63-75, 389-530); (Coulter ¶¶ 76-87, 531-672); (Quy ¶¶ 88-98, 673-814).

(Coulter); 90 (Quy). Defendants have gained an economic windfall by using the images of professional and successful models for Defendants' own commercial purposes, luring and enticing patrons worldwide to view the images and visit Paradise Lakes, without having to compensate the models for such usage. *Id.* at ¶ 11. Plaintiffs, however, sustained injury to their images, brands and marketability by shear affiliation with Paradise Lakes and the type of resort operated by Defendants. *Id.*

As to each Plaintiff, the First Amended Complaint seeks compensation for: False Advertising (Lanham Act, 15 U.S.C.§ 1125a) (Count I); Unauthorized Publication of Name of Likeness (Fla. Stat. 540.08) (Count II); Common law Right of Publicity (Count III); Florida Deceptive and Unfair Trade Practices Act (Count IV); Civil Theft (Fla. Stat. §§ 812.014 and 772.11) (Count V); Unjust Enrichment (Count VI); Unjust Conversion (Count VII); Unfair Competition (Count VIII); Fraudulent Misrepresentation (Count IX); Negligence (Count X); Respondeat Superior (Count XI); and False Endorsement (Lanham Act, 15 U.S.C.§ 1125a) (Count XII). Doc. 31. Defendants have now filed a Motion to Dismiss. Doc. 34.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (citation omitted). When ruling on a motion to dismiss, the court must accept as true the factual allegations in the complaint. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983). The Court, however, is not bound to accept as true a legal conclusion labeled as a "factual allegation" in the complaint. *Ashcroft v. Iqbal,* 556 U.S. at 678. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citation omitted).

## III. DISCUSSION

### A. Counts IX, X and XI are dismissed.

Counts IX (Fraudulent Misrepresentation), X (Negligence) and XI (Respondeat Superior Doctrine) are dismissed because Plaintiffs concede that Defendants' arguments regarding these claims require dismissal. *See* Doc. 36. Therefore, Defendants' motion to dismiss as to Counts IX, X and XI will be granted.

### B. Defendant Jerry Buchanan

#### *1. Allegations are sufficient*

Defendants move to dismiss Defendant Jerry Buchanan for lack of personal participation in the alleged tortious conduct. "It is well-settled, however, that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers." *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997-98 (Fla. 4th DCA 2000) (*citing Orlovsky v. Solid Surf, Inc.,* 405 So.2d 1363 (Fla. 4th DCA 1981)). A corporate officer or representative of a defendant corporation is not shielded from individual liability for his own torts. *See Roth v. Nautical Eng'g Corp.*, 654 So.2d 978, 980 (Fla. 4th DCA 1995). Moreover, "[n]atural persons, as well as corporations, may be liable

4

for trademark infringement under the Lanham Act." *Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477 (11th Cir. 1991). "Obviously ... if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done." *Id.* (citation omitted). "If an individual actively and knowingly caused the infringement, he is personally liable." *Id.*

Here, Plaintiffs allege that Defendant Buchanan "has, and during all times relevant to the allegations raised [in the First Amended Complaint] had, operational and managerial control and responsibility over the business operations of, and decision-making authority for, Paradise Lakes, including decisions relating to Paradise Lakes's promotional, advertising, marketing and endorsement activities such as those detailed in [the] First Amended Complaint." Doc. 31 at ¶ 26. Plaintiffs contend that Defendant Buchanan was personally involved since he was the "moving force" in the alleged decision to engage in the infringing acts. At the dismissal stage of this litigation, Plaintiffs have sufficiently alleged a plausible claim for relief against Defendant Buchanan. Accordingly, dismissal on this basis will be denied.

### C. Count IV (Florida's Deceptive and Unfair Trade Practices Act)

#### 1. *Plaintiffs' allegations are specific*

Defendants contend that Plaintiffs' FDUTPA claim must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Indeed, federal district courts in this Circuit have split as to whether FDUPTA claims are subject to Rule 9(b). *Compare Costa v. Kerzner Int'l Resorts, Inc.,* No. 11-60663-Civ, 2011 WL 2519244, at *2 (S.D. Fla. June 23, 2011) (holding that the requirements of Rule 9(b) categorically do not apply to claims under FDUTPA.); *Harris v. Nordyne, LLC,* No. 14-CIV-21884, 2014 WL 12516076, at *4 (S.D. Fla. Nov. 14, 2014) (same) with *Llado-Carreno v. Guidant Corp.,* No. 09-20971, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22,

2011) (finding that Rule 9(b) does apply and reasoning that "the particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law."); *Stires v. Carnival Corp.,* 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (noting that most courts construing claims alleging violations of the FDUTPA have required the heightened pleading standard requirements of Rule 9(b)); *Blair v. Wachovia Mortg. Corp.*, No. 5:11-CV-566-OC-37TBS, 2012 WL 868878, at *2-3 (M.D. Fla. Mar. 14, 2012) (same).

The Court is not persuaded that Rule 9(b) applies, but even if it does, Plaintiffs' allegations sufficiently identify and specify where and when each image was used. *See* Doc. 31, at ¶¶ 43 (Gibson), 54 (Mitcheson), 65-66 (Voronina), 79 (Coulter), 90 (Quy). Plaintiffs allege that they are the exclusive owner of all rights, title, and interest to their image, likeness and/or identity which has been unlawfully converted by Defendants for Defendants' benefit. *Id*. at ¶¶ 184, 192 (Gibson); 326, 334 (Mitcheson); 468, 476 (Voronina); 610, 618 (Coulter); 752, 760 (Quy). Specifically, Plaintiffs have sufficiently alleged that Defendants portrayed Plaintiffs as willing to engage in and promote lewd and nudist behavior and that an average consumer may be deceived and confused as to the association between Plaintiffs and Defendants. *See e.g*., Doc. 31, Photo Ex. A-E. Plaintiffs have alleged that these deceptive acts and unfair practices have caused them actual damages and that the Defendants falsely represented to the public that Plaintiffs endorsed their swingers club/nudist resort. *Id.* Since these allegations are sufficiently specific, Defendants' motion to dismiss on this basis will be denied.

    2.    *Plaintiffs do not purport to be consumers, they lack standing and seek impermissible damages*

In pertinent part, FDUTPA states that:

> Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

Fla. Stat. § 501.204(1). A plaintiff seeking to file a claim for damages under FDUTPA must plead three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Kertesz v. Net Transactions, Ltd.,* 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009); *Haun v. Don Mealy Imports, Inc.,* 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003); *KC Leisure, Inc. v. Haber,* 972 So.2d 1069, 1073 (Fla. 5th DCA 2008). "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 (Fla. 2003)). "This standard requires a showing of 'probable, not possible deception' that is 'likely to cause injury to a reasonably relying consumer.' " *Id.* (quoting *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.,* 761 So.2d 1256, 1263 (Fla. 3d DCA 2000)). Moreover, "any person who has suffered losses as a result of a violation may commence a private action to recover actual damages, attorney's fees, and costs." *Zlotnick,* 480 F.3d at 1284 (citing Fla. Stat. § 501.211(2)).

In 2001, the Florida Legislature amended FDUTPA's standing provision by replacing the word "consumer" with the word "person." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014). District courts in this Circuit are divided over whether the 2001 amendment extended FDUTPA to non-consumers, and the Eleventh Circuit has yet to resolve this split. *See Democratic Republic of the Congo v. Air Capital Grp., LLC,* 614 Fed. Appx. 460, 468-469 (11th Cir. June 11, 2015) (acknowledging this "interpretive tussle" but declining to resolve it). "Courts have interpreted the 2001 amendment generously, but not consistently." *Id.*

"One line of cases—the more conservative view—extends FDUTPA protection only to persons who were deceived when buying or selling goods and services." *Id.* In *Kertesz,* 635 F. Supp. 2d at 1342, for example, plaintiff sued a website operator who posted lewd photos of the plaintiff without her consent. The court held that plaintiff lacked standing because she was not injured in a market transaction between the parties. *Id.* at 1350. *See also Badillo v. Playboy Entm't Grp., Inc.,* No. 8:04-CV-591-T-30TWM, 2006 WL 785707, at *6 (M.D. Fla. Mar. 28, 2006) (dismissing FDUTPA claim, which alleged that defendant used lewd photos of plaintiffs without consent, because plaintiff failed to establish they were purchasers); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-33HTS, 2008 WL 2950112, at *8 (M.D. Fla. July 31, 2008) (holding "[o]nly consumers may bring private suit under FDUTPA") (citing Fla. Stat. § 501.202); *Shibata v. Lim,* 133 F. Supp. 2d 1311, 1320-1321 (M.D. Fla. 2000) (noting that Florida courts have interpreted "consumer" to mean an individual or entity that is a "purchaser" of goods or services); *Carroll v. Lowes Home Centers, Inc.*, No. 12-23996-CIV, 2014 WL 1928669, at *3 (S.D. Fla. May 6, 2014) (concluding that "person" applies only to "consumers," including businesses that are consumers); *Leon*, 51 F. Supp. 3d at 1297 (dismissing FDUTPA claim with prejudice because the plaintiff "cannot be said to be a 'consumer,' as he has not, nor has he alleged to have, engaged in any consumer transaction"); *Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-CIV-20136, 2014 WL 5795187, at *7 (S.D. Fla. Oct. 2, 2014) (finding that "only 'consumers' who engage in the 'purchase of goods or services' are 'persons' with standing to pursue FDUTPA claims," and dismissing for failure to allege the "purchase of goods or services from any Defendant"); *Portionpac Chem. Corp. v. Sanitech Sys., Inc.,* 217 F. Supp. 2d 1238, 1253 (M.D. Fla. 2002) (granting summary judgment while noting that under FDUTPA only a "consumer" may recover actual damages for unfair trade practices (citing Fla. Stat. 501.211(2)).

Another line of cases—the permissive view—extends FDUTPA[3] protection to any person injured by a deceptive or unfair practice, regardless of whether [they] sustained the injury in a sale or purchase. *Democratic Republic of the Congo,* 614 F. Appx. at 468. In *Gritzke v. M.R.A. Holding, LLC*, 2002 WL 32107540, *1 (N.D. Fla. Mar. 15, 2002), the plaintiff was a female college student who publicly showed her breasts at Mardi Gras. *Id.* The court found that plaintiff was a "person" who, according to the complaint, had been damaged by defendant's violation of FDUTPA and that plaintiff had sufficiently stated a claim. *Id.* at 4; *True Title, Inc. v. Blanchard,* Case No. 6:06-cv-1871-Orl-19DAB, 2006 U.S. Dist. LEXIS 99070, at * 10 (M.D. Fla. Feb. 5, 2006) (holding that the 2001 amendments to FDUTPA allow a plaintiff to seek damages despite a failure to allege that the unfair and deceptive conduct arose from a "consumer transaction."); *Furmanite Am., Inc. v. T.D. Williamson, Inc.,* 506 F. Supp. 2d 1134, 1146 (M.D. Fla. 2007) (denying summary judgment despite a failure to establish that a consumer transaction was involved).

Furthermore, under FDUTPA any person who has suffered losses as a result of a violation may recover actual damages, attorney's fees, and costs. Fla. Stat. § 501.211(2). However, recovery of consequential or special damages is not permitted under FDUTPA. *Smith v. 2001 South Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004) (noting that FDUTPA allows recovery for diminished value of goods received but does not authorize recovery of special or consequential damages).

---

[3] Prior to July 1, 2001, FDUTPA created private rights of action for both declaratory and injunctive relief, on the one hand, and damages, on the other. But the statute made declaratory and injunctive relief available to a broader class of plaintiffs than could recover damages. The statute allowed "anyone aggrieved" by a violation of the statute to bring a private action for declaratory or injunctive relief, Fla. Stat. § 501.211(1), but created a private right of action for damages only in favor of a "consumer." *See* Fla. Stat. § 501.211(2); *Klinger v. Weekly World News, Inc.,* 747 F. Supp. 1477, 1480 (S.D. Fla.1990) ("It appears that the legislature's choice of the word 'anyone' in § 501.211(1), instead of the word 'consumer' which it used in § 501.211(2), seems deliberate and implies that the scope of the injunctive remedy is greater than the actual damage remedy").

Here, Defendants maintain that Plaintiffs' FDUTPA claim should be dismissed because they have failed to allege that they were consumers and, therefore, lack standing. Defendants further contend that Plaintiffs have improperly sought consequential damages. In response, Plaintiffs dispute Defendants' narrow interpretation of FDUTPA and contend that "anyone aggrieved by a violation" can bring a suit and that they suffered actual damages. As the *Kertesz* court noted, the line of cases which extend the definition of "person" to mean anyone, fail to analyze the legislative history of the amendment or rest on the interpretation given the statute by Florida state cases. *See Kertesz,* 635 F. Supp. 2d at 1349-50 (discussing such and collecting cases). These cases merely conclude that the replacement of the word "consumer" with "person" demonstrated a legislative intent to allow a broader base of complainants to seek damages. *See id.*

This Court agrees with the recent district court decisions which analyze the legislative history of the amendment and apply a more narrow interpretation of the term "person" under FDUTPA. Indeed, the majority of district courts which have addressed the issue overwhelmingly have favored the narrow interpretation of the term "person" in section 501.211(2) to mean only "consumers" injured by an unfair or deceptive act when buying or purchasing goods and services. *See e.g.*, *Carroll v. Lowes Home Centers, Inc.,* No. 12-23996-CIV, 2014 WL 1928669, at *3 (S.D. Fla. May 6, 2014) (noting that "[t]he legislative history of the 2001 amendment indicates [that] the Florida Legislature did not intend to expand the FDUTPA to non-consumers."); *Taft v. The Dade Cty. Bar Ass'n, Inc.,* No. 1:15-CV-22072-KMM, 2015 WL 5771811, at *4 (S.D. Fla. Oct. 2, 2015) (finding FDUTPA required Plaintiffs to be consumers and noting that this interpretation is consistent with the statute's legislative history). In examining the purpose of the amendment, the record shows that the amendment was sought to clarify the fact that remedies available to individuals under FDUTPA were also available to businesses. *See* Fla. H.R. Comm. Council for

Competitive Commerce, HB 685 (2001) Staff Analysis (Mar. 16, 2001; Apr. 18, 2001) (explaining that the 2001 changes to FDUTPA's provisions for a private right of action were only intended to clarify that the remedies available to individuals are also available to businesses harmed by a violation of FDUTPA); *Pinecrest Consortium, Inc. v. Mercedes-Benz USA, LLC*, No. 13-20803-CIV, 2013 WL 1786356, at *1 (S.D. Fla. Apr. 25, 2013) (citing same and noting that "[a]lthough FDUTPA may extend to protect business entities… 'it has no application to entities complaining of tortious conduct which is not the result of a *consumer transaction*.'"). Accordingly, Plaintiffs, as non-consumers, are not entitled to monetary damages under FDUTPA.

Having determined that Plaintiffs cannot seek monetary damages under FDUTPA, the Court now turns to the issue of whether injunctive and/or declaratory relief is still available. As previously noted, FDUTPA permits "anyone aggrieved" to bring a claim for declaratory and injunctive relief. Fla. Stat. § 501.211(1). "It is unclear, however, whether the term 'anyone aggrieved' is broader than the term 'person' and thereby permit relief for non-consumers." *Kertesz,* 635 F. Supp. 2d at 1350.

In response, Plaintiffs note that FDUTPA permits "anyone aggrieved" to seek declaratory or injunctive relief. Doc. 36 p. 9. However, Plaintiffs' Amended Complaint does not specifically request and/or seek declaratory or injunctive relief in Count IV. *See* Doc. 31 ¶¶ 149-163. In addition, the Amended Complaint does not specifically seek declaratory and/or injunctive relief in the prayer for relief. *See id*. p. 131-132 ¶¶ 1-16. And because declaratory and/or injunctive relief has not specifically been requested in the Amended Complaint, Plaintiffs' FDUTPA claim is due to be dismissed.

Lastly, even if Plaintiffs' FDUTPA claim survived the motion to dismiss, to the extent that Plaintiffs seek damages beyond the Act's permissible "actual damages," they would be dismissed.

*See* prayer for relief, Doc. 31 p. 131 ¶¶ 5 (special damages) and 6 (consequential damages). Notwithstanding such, Defendants' motion seeking dismissal of Plaintiffs' FDUTPA claim (Count IV) will be granted.

### D. Counts II (Fla. Stat. 540.08-Unauthorized Publication of Name of Likeness), VII (Unlawful Conversion) and VIII (Unfair Competition)-Punitive Damages

Defendants seek dismissal of Counts II, VII, and VIII because Plaintiffs have failed to show specific facts demonstrating entitlement to punitive damages. In the First Amended Complaint, Plaintiffs' prayer for relief appears to make *a reservation of right* to seek punitive damages pursuant to Florida Stat. § 768.72. Doc. 31 p. 132 at ¶ 16. Section 768.72 requires leave of court before pleading a request for punitive damages. *See Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir. 2000). However, the Eleventh Circuit has held that the pleading rules set forth in Federal Rule of Civil Procedure 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages. *Id.; Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001). Here, Plaintiffs' First Amended Complaint does not include a request for punitive damages. Moreover, Plaintiffs have not sought leave to amend to request punitive damages and the deadline to amend pleadings has expired. As such, Defendants' Motion to Dismiss Counts II, VII, and VIII on this basis is denied, as no punitive damages have been requested.

### E. Count XII (Lanham Act-False Endorsement)

Plaintiffs' First Amended Complaint claims a violation of 15 U.S.C. § 1125(a)(1)(A) for False Advertising (Count I) and a violation of 15 U.S.C. § 1125(a)(1)(A)[4] False Association/False Endorsement (Count XII). Defendants maintains that Count XII must be dismissed because the Eleventh Circuit has never recognized a separate claim of false endorsement distinct from a claim for trademark infringement under § 43(a) of the Lanham Act.

Section 43(a)(1) of the Lanham Act, which is codified at 15 U.S.C. § 1125(a)(1), states that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ---
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person; or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). By its plain terms, Section 43(a) creates causes of action for unfair competition that meet either of the criteria set forth in 15 U.S.C. § 1125(a)(1)(A) *or* (B). Thus, there is no statutory basis for prohibiting a plaintiff from simultaneously asserting claims under either 15 U.S.C. § 1125(a)(1)(A) or 15 U.S.C. § 1125(a)(1)(B). It is axiomatic that a Plaintiff may assert claims in the alternative. *See* Rule 8(d), Fed. R. Civ. P. Plaintiffs' claims for false association/false endorsement and false advertising are not subject to dismissal for being duplicative. Defendants' Motion to Dismiss will be denied on this basis.

## IV. CONCLUSION

---

[4] The Amended Complaint cites to "Lanham Act 15 U.S.C. §1125(a)" for both Counts I and XII. *See* Doc. 31. It is unclear if Plaintiffs meant to cite to 15 U.S.C. §1125(a)(1)(B) for Count XII.

It is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. 34) is **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' Motion to Dismiss Counts IV (FDUTPA), IX (Fraudulent Misrepresentation), X (Negligence) and XI (Respondeat Superior Doctrine) is **GRANTED**. Counts IV, IX, X, and XI of the First Amended Complaint are dismissed.

2. In all other respects Defendants' Motion to Dismiss is **DENIED**.

3. Defendants shall answer the First Amended Complaint on or before **August 23, 2017**. Because Defendants' Answer is not due until August 23, 2017, the Court will extend the deadline to file the parties' Joint Pretrial Statement. The Joint Pretrial Statement shall be filed on or before **August 30, 2017**.

**DONE AND ORDERED** in Tampa, Florida on August 9, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any