UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

8:16-cv-00791-CEH-AAS

CIELO JEAN GIBSON, DESSIE
MITCHESON, IRINA VORONINA, JOHN
COULTER and MAYSA QUY,

    Plaintiffs,

Vs.

RESORT AT PARADISE LAKES, LLC d/b/a
PARADISE LAKES RESORT d/b/a
PARADISE LAKES and JERRY BUCHANAN,

    Defendants.

_____/

## DEFENDANTS' MOTIONS IN LIMINE

Pursuant to Fed. R. Evid. §§401, 402, 403 and 404, Defendants move *in limine* for entry of an Order prohibiting the Parties, counsel, and any witnesses from testifying regarding any of the following matters at trial:

### Summary

Plaintiffs should be prohibited from mischaracterizing (1) the nature of Defendants' business; (2) the acts giving rise to this lawsuit, and (3) the character of some witnesses. In lieu of adducing relevant evidence, Plaintiffs intend to establish the alleged misappropriation by implying Defendants' illicitly "stole" the subject images to promote their "swinger's club." Plaintiffs' mischaracterization of Defendants' business as a "strip club" or "swingers' club" is inflammatory and unfairly prejudicial, and must be prohibited to ensure a fair trial. Lastly, statements made casting Mr. Scharff, who

appeared as the corporate representative of Dream Girl International, Inc., in a bad light are also inflammatory and unfairly prejudicial.

Plaintiffs' characterizations are inaccurate and solely intend to distract the jury from the crucial issue: whether Plaintiffs are the rightful owners of the subject images.

**Facts**

1. On September 20, 2016, Plaintiffs filed their amended 12-count complaint claiming damages based on the alleged misappropriation of their images, which were reportedly used on Paradise Lakes' social media page. [D.E. 31].

2. On October 14, 2016, Plaintiff's responded to Defendant's interrogatories asserting that Defendants' used their images to promote a "swingers club" that engages in "deviant sexual conduct."

> 13. Please state whether the images identified in the Complaint induced you to visit any of the establishments operated by the Defendants.
>
> ANSWER: No. However, Plaintiff states that the use of her image to promote Defendants' commercial interests was intended to and likely to give *third parties* the impression that Plaintiff endorsed and/or promoted Defendants' nudist resort, and/or to "class up" the events at the swinger club by use of Plaintiff's image. Further, Plaintiff states that the images identified in the Complaint were intended to and did give third parties the impression that Plaintiff agreed with and/or engaged in the deviant sexual conduct taking place at Defendants' nudist resort and would or may likely be present at such events, which personally embarrassed and professionally harmed Plaintiff. Defendants are aware of their own motivations for their advertising campaign using Plaintiff's image. Defendants' use of sexy and beautiful models for their advertisements such as Plaintiff is no coincidence.

Figure 1 - Pls,' Interrogs. Resp., Oct. 4, 2016.

3. In addition, in the Cease and Desist letter attached as an Exhibit to the Amended Complaint, Plaintiffs assert that Defendant's resort is a "strip club that engages in the business of selling alcohol in an atmosphere were nude and/or semi-nude women entertain the business' clientele." [D.E. 31, Ex. F]

4. During their depositions, each Plaintiff testified that Paradise Lakes is a swinger's club, even though they could not provide any factual basis for their conclusion.

> Q. What's your understanding of what Paradise Lake is?
>
> A. Like a ***swingers nudist colony, strip club***.
>
> Q. All three?
>
> A. ***It is definitely*** a swingers resort or a nudist resort where couples are swingers and they have clubs there too.
>
> Q. ***Have you ever gone*** -- you haven't gone to Paradise Lakes; correct?
>
> A. ***No***.

5. Mitcheson Dep. 78:9-18, Jan. 9, 2017 (emphasis added). [D.E. 102-11]

> Q. It's your understanding that Paradise Lakes Resort was a swinger club; is that right?
>
> A. ***Yes***.
>
> Q. Where did you obtain that information from?
>
> A. Google.
>
> Q. Do you know if they have any retail store on their premises?
>
> A. I have no idea.
>
> Q. ***Have you ever been to Paradise Lakes Resort***?
>
> A. ***No.***

Gibson Dep.77:18-25, 78:1-2, Nov. 10, 2016 (emphasis added). [D.E. 102-2]

6. Stephen Chamberlin, the expert Plaintiffs' retained to value the compensation Plaintiffs would have received for the use of their images, admitted

Paradise Lakes is a clothing optional resort. Nevertheless, he continued to mischaracterize the nature of Plaintiff's business.

> Q. So can you point out to me where in these documents it states that this is a swingers club?
>
> ***'
>
> Q. **_Okay. So it says it's a clothing optional resort, correct?_**
>
> A. **_Yes,_** but it's on a swinger club list and it's on SDC.com.
>
> Q. So SDC.com, do you know who runs that?
>
> A. Swingers Date Club, I think it is, but I don't.
>
> Q. Do you know if Paradise Lakes asked to be on here or if someone just put it on there?
>
> A. **_I couldn't answer that._** I see all the – if you are interested in Paradise Lakes, here is the phone number. It has all members discounts and benefits of being a part of this. And it says mention your SDC with your RSVP, and you'll be attending and you get discounts. I would say they asked to be on this site.
>
> Q. But you don't know for certain?
>
> A. No.
>
> Q. And did you do anything to confirm whether or not, in fact, Paradise Lakes asked to be on this website?
>
> A. **_I didn't ask that._**
>
> Q. Have you ever actually been to Paradise Lakes?
>
> A. I have not.

Chamberlain Dep. 103:17-18, 104:18-25, 105:1-16, April 5, 2017 (emphasis added).

7. Beyond mischaracterizing the nature of Defendant's business, the Plaintiffs' also contend that Defendant's "stole" the subject images, which improperly

imputes criminal intent to a cause of action that addresses improper use of images.

> Q. Your statement that it was *stolen*, what evidence do you have that it was stolen other than you see pictures that you did not expressly endorse that find their way on a Twitter page and a Facebook page with Paradise Lakes Resort name on it?
>
> A. ***If they haven't asked for my permission to use it, it was stolen.***

Voronina Dep., 110:24-25, 111:1-6, Nov. 10, 2016 (emphasis added). [D.E. 102-13]

> Q. What is Dream Girl?
>
> A. It is a lingerie company, and they also manufacture Halloween costumes. They're probably the biggest in wholesale of all of the lingerie and Halloween world. They do private label for Party City, Spencers, Spirit, Amazon. ***That's where the image that was stolen from your company was from, that company Dream Girl.***

Gibson Dep.:23:6-13, Nov. 10, 2016 (emphasis added). [D.E. 102-2]

> Q. Do you know how someone at Paradise Lakes would have been able to take the J. Valentine image of you, how they would get it?
>
> A. They probably ***easily stole*** it off of a website.
>
> Q. So tell me your understanding how that would happen. Take me through that.
>
> A. They could have went onto Yandy.com, who is a seller of J. Valentine. ***So J. Valentine sends them the image, because they want to sell the product, and say Paradise Lakes was, like, oh, we like how that looks, save, and then made their own promotion out of it.***
>
> Q. That's your speculation though?
>
> A. I would assume.

Mitcheson Dep. 77:8-22, Jan. 9, 2017 (emphasis added). [D.E. 102-11]

> Q. Do you recall when it was that you first learned that that picture, that photograph image was on Paradise Lakes Resort's Facebook page?
>
> A. I don't recall.
>
> Q. You don't recall any of the circumstances surrounding how you were made aware of it?
>
> A. I am going to assumes it's the way I am made aware of most of the things that are stolen where a friend will come up and show it to me or another model would be like, hey, did you see this?

Coulter Dep., 71:16-25. [D.E. 102-4]

> Q. ***You reference the word "stolen,"*** are you referencing that word because that image appeared ***without your permission and consent and you weren't paid for it***?
>
> A. ***Yes.***

Coulter Dep., 72:3-7. [D.E. 102-4]

8. On March 20, 2017, Plaintiffs deposed Christopher Scharff, the corporate representative of Dream Girl International—the business that provided the subject images to Paradise Lakes.

9. During that deposition, Plaintiff produced a March 17, 2017 correspondence from the Plaintiffs to Mr. Scharff advising that "several of us are involved in lawsuits throughout the country for the theft of our likeness to promote ***salacious businesses***." Correspondence from A. Monzikova to C. Scharff (3/17/17). In their letters, Plaintiffs advised Mr. Scharff that "if you allow Dream Girl's photos to be used to promote ***strip clubs, swinger resorts, escorts services, and similar types of business***, you denigrate not only us but your company as well." *Id.*

10. In addition, during the confidential mediation that took place in this matter, Plaintiffs in this action made further statements casting Mr. Scharff in a bad light.

**Memorandum of Law**

"The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007)(granting motion to exclude testimony from Plaintiff's prior criminal proceeding.) "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.*

Inadmissible evidence is that which is irrelevant and, even if relevant, where "its probative value is substantially outweighed by the danger of ***unfair prejudice***, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403. (emphasis added). Unfairly prejudicial evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee notes.

Even one word can serve to inflame the jury and unfairly prejudice a party. *See e.g*, *Simco v. Ellis*, 303 F.3d 929, 933 (8th Cir. 2002)(affirming District Court's decision to exclude unreliable blood test because "there was no evidence that McCalpin was intoxicated or impaired at the time of the accident and 'the ***mere mention*** of cocaine would inflame the jury and be extremely prejudicial to the defendants.'")(emphasis added). It is also unfairly prejudicial to imply the Defendants' involvement in criminal

conduct. *See Woodruff v. R.J. Reynolds Tobacco Co.*, No. 3:09-CV-12594, 2015 WL 506281, at *3 (M.D. Fla. Feb. 6, 2015)(granting motion in limine prohibiting Plaintiff "from offering evidence or argument that (1) suggests they are acting in bad faith, continuing a conspiracy, or 'failing to take responsibility' by defending themselves in this case; and (2) compares their conduct to criminal or depraved conduct.").

Similarly, here, the Federal Rules of Evidence prohibit the admission of testimony characterizing Paradise Lakes as a "salacious" "swinger's resort" that "steals" model images. This evidence is inaccurate and is directed to unfairly prejudice the Defendants by casting a cloud of crime and sexual immorality over Defendants. Plaintiff's mischaracterization of Defendant's business overlooks that the Hillsborough County Code distinguishes entertainment establishments that feature sexual activities from those that do not.

Indeed, the Hillsborough County Code defines adult entertainment establishments as "any premises, except those business otherwise defined in this chapter, on which is offered to members of the public or any person, for a consideration, entertainment featuring or in anyway including ***specific sexual activities***, as defined in this section, or entertainment features the displaying or depicting of specified anatomical areas, as defined in this section; 'entertainment; as used in this definition shall include, but not limited to, books, magazines, films newspapers, photographs, painting, drawings, sketches or other ***publications*** or graphic media, filed or live plans, dances or other ***performances***, either by single individuals or groups . . . ." Hillsborough County Code, Section 27-523(2)(emphasis added). Paradise Lakes does not offer to the public entertainment featuring the sexual activities described above. Beyond

"deviant sexual misconduct," Plaintiffs attempt to portray Defendants as criminals who "steal" images. This implication of criminal misconduct is unfairly prejudicial. It transforms a civil action involving the legal rights to images into a theft complaint. As in *Woodruff v. R.J. Reynolds Tobacco Co.*, Plaintiffs should not be allowed to compare Defendants' "conduct to criminal or depraved conduct." *Woodruff,* 2015 WL 506281, at *3.

Lastly, Defendants also expect that Plaintiffs will place into evidence the character of Christopher Scharff, the corporate representative of Dream Girl, presumably to cast a cloud over his credibility.

Fed. R. Civ. P. 404 establishes that character evidence not at issue is inadmissible. Mr. Scharff's character as well as prior lawsuits filed against his business are irrelevant because they do not establish "a fact that is of consequence in determining the action more or less probable than it would be without the evidence". *See Disa v. Ashley Furniture Indus., Inc.,* Case No. 8:14-cv-1915-T-JSS, 2016 WL 2653273 *2 (M.D. Fla. May 10, 2016) (excluding evidence of employee performance where the fact at issue was whether Plaintiff's employment agreement provided for bonus compensation).

In addition to statements made about lawsuits involving Dream Girl images, unverified accusations were made about Mr. Scharff during the confidential mediation concerning his treatment of models. This unverified and irrelevant testimony has no bearing on whether Dream Girl International employed Plaintiffs Gibson, Quy and Coulter, or whether these Plaintiffs signed releases. Instead, this testimony would only serve to impermissibly prejudice the jury.

Even if this evidence could be considered relevant, its probative value is outweighed by the risk that the jury will perceive Ms. Scharff as a bad person and the issues in this case do not turn on character.

## **CONCLUSION**

Plaintiffs allege misappropriation of their images for commercial purposes. Plaintiffs must meet their burden of proof by adducing relevant evidence at trial. The Federal Rules of Evidence prohibit Plaintiffs from mischaracterizing Defendants' business, their actions, and the character of third party witnesses to prove their case. Plaintiffs' characterization of Defendants as "salacious" "swinger's club" that "steal" images from unsuspecting models will likely prejudice jurors. In addition, casting a bad light on Mr. Scharff's character to undermine his credibility also invites prejudice. The Federal Rules of Evidence prohibit the admission of this evidence.

WHEREFORE, Defendants move for an order prohibiting the parties, the witnesses, and their counsel from introducing any evidence at trial that characterizes Paradise Lakes as a "swinger's club;" that affirms Defendants "stole" the subject images; that addresses the character of Mr. Christopher Scharff and previous lawsuits filed against Dream Girl International, Inc., and any further relief the Court deems just and proper.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
ERIC M. ZIVITZ, ESQ.
Florida Bar No.: 637270
ezivitz@butler.legal
TRACY A. JURGUS, ESQ.
Florida Bar No.: 483737
tjurgus@butler.legal
Secondary: eservice@butler.legal
80 S.W. 8th Street
Suite 3300
Miami, Florida 33130
Telephone: (305) 416-9998
Facsimile: (305) 416-6848
*Attorneys For: Defendants*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on August 22, 2017, on all counsel or parties of record on the Service List Below.

_____
TRACY A. JURGUS, ESQ.

**SERVICE LIST**

Joseph N. Casas, Esq.
Dennis Postiglione, Esq.
Sarah M. Cabarcas, Esq.
Ludmila Khomiak, Esq.
Casas Law Firm, P.C.
80 Southwest Eighth Street, Suite 2000
Miami, FL 33130
Attorneys for Plaintiffs